UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK B., <br> Petitioner, <br> v. <br> CHARLES GREEN, <br> Respondent. | Civil Action No. 19-346 (MCA) <br><br> OPINION |

I. **INTRODUCTION**

This matter has been opened to the Court by Petitioner's filing of a habeas petition pursuant to 28 U.S.C. § 2241, asserting that his continued detention under 8 U.S.C. § 1225(b) without an individualized bond hearing is an unconstitutional violation of due process under the Fifth Amendment. For the reasons explained in this Opinion, the Court will grant the writ of habeas corpus and direct the government to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days, pursuant to the standards set forth in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–35 (3d Cir. 2011).

II. **FACTUAL BACKGROUND**

Petitioner is a native and citizen of Liberia. *See* ECF No. 6-2, Exhibit A, Form I-122; Ex. B, Form I-110. On October 2, 1995, Petitioner was encountered and arrested by Immigration and Naturalization Service at or near New York, New York, and was served with a Notice to Detain, Deport, Remove or Present Aliens (Form I-259). *See* ECF No. 6-4, Exhibit C, Form I-213 Record of Deportable/Inadmissible Alien. Petitioner entered the United States under the

1

name Jessie Ocee. *See id*; *see also* Exhibit A; Exhibit B. Petitioner was accorded an alien number under 074-234-588. *See id.* Petitioner was charged as removable as an arriving alien under sections 212(a)(7)(B)(i)(II); 212(a)(7)(B)(i)(I); and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). *See* Exhibit A, Exhibit B.

On November 8, 1995, Petitioner failed to appear at his individual hearing before the immigration court and was ordered removed in absentia by the immigration judge. *See* ECF No. 6-5, Exhibit D, November 8, 1995 Immigration Court Decision; *See also* ECF No. 6-1, Declaration of Elizabeth Burgus ("Burgus Decl.") at ¶ 3. The immigration judge ordered that Petitioner be excluded from the United States on the charge under section 212(a)(7)(A)(i)(I) of the INA [8 U.S.C. 1182(a)(7)(A)(i)(I)] as an alien who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality.

More than twenty years later, on January 18, 2018, Petitioner was arrested by the Newark Police Department in Newark, New Jersey for the offense of domestic violence and terroristic threats in violation of N.J.S.A. 2C:12-3A under the name Frank O. Bimpong.[1] *See* ECF No. 6-4, Exhibit C. On January 23, 2018, Petitioner was detained by Immigration and Customs Enforcement ("ICE"). *See id.* Based on the records checked and biometric information available, ICE identified Frank O. Bimpong as Jessie Ocee. *See id.*

Petitioner was detained in a post order context pursuant to 8 U.S.C. § 1231 to effectuate the November 8, 1995 Exclusion Order. On November 15, 2018, Petitioner appeared for a bond

---

[1] Petitioner asserts that this charge was subsequently dismissed in his favor. *See* ECF No. 7, Petitioner's Exhibits at 19.

hearing pursuant to 1231(a)(6) as set forth in *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018) before an immigration judge, and bond was denied. *See* Burgus Decl. at ¶ 4; ECF No. 13, Exhibits A & B. On February 15, 2019, Petitioner appealed the bond decision of the immigration judge to the Board of Immigration Appeals ("BIA"), and the BIA affirmed on May 10, 2019. *See id.* at ¶ 5; ECF No. 13 at Exhibit C. In the meantime, on March 14, 2019, Petitioner sought a bond redetermination based on changed circumstances and bond was again denied. *See* ECF No. 13 at Exhibit D. It does not appear that Petitioner appealed this determination.

On April 18, 2019, an immigration judge granted Petitioner's motion to reopen his immigration proceedings on the basis that Petitioner "lacked notice of the missed hearing." *See* ECF No. 6-6, Exhibit E, April 18, 2019 Immigration Court Order. On May 13, 2019, the immigration judge granted Petitioner's motion for a change of venue to Elizabeth, New Jersey. *See* Burgus Decl. at ¶ 9.

Petitioner was ordered removed by an immigration judge on November 18, 2019. ECF No. 9 at Exhibit A, November 18, 2019 IJ Order. Petitioner has filed an appeal of that decision with the Board of Immigration Appeals, which remains pending. *See id.*

### III.    ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that his custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over Petitioner's

claims as he is detained within this district and alleges that his custody violates the Due Process Clause of the Fifth Amendment.

Here, Petitioner was detained pursuant to the post-removal provisions of section § 1231 at the time he filed his Petition; however, his status reverted to detention under 8 U.S.C. § 1225(b) upon the reopening of his immigration proceedings on April 18, 2019. *See Leslie v. Attorney General of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012).

As the Supreme Court explained in *Jennings v. Rodriguez*, there is no statutory basis for release or a bond hearing prior to the conclusion of an alien's removal proceedings under § 1225(b), and the Court explicitly rejected the use of the constitutional avoidance canon to read an implicit temporal limitation on detention under the statute.[2] 138 S.Ct. 830, 842–46 (2018); *see also Franklin K. B. v. Warden, Hudson County Correctional Facility*, 2019 WL 2385701, at *3 (D.N.J. Jun. 3, 2019) (explaining same). However, *Jennings* declined to decide whether a detainee's detention may be become so unduly prolonged that it renders § 1225(b) unconstitutional as applied to him. *See Yacouba T. v. Ahrendt*, 2020 WL 1527919, at *2 (D.N.J. Mar. 31, 2020). *Post-Jennings*, courts in this District have held that a petitioner may still bring an as-applied challenge to his prolonged detention. *See Dryden v. Green*, 321 F.Supp.3d 496, 501 (D.N.J. 2018) (finding that as-applied challenges remain viable post-Jennings).

---

[2] Section 1225(b) applies primarily to aliens seeking entry into the United States ("applicants for admission" in the language of the statute). Section 1225(b) divides these applicants into two categories. First, certain aliens claiming a credible fear of persecution under § 1225(b)(1) "shall be detained for further consideration of the application for asylum." § 1225(b)(l)(B)(ii). Second, aliens falling within the scope of § 1225(b)(2) "shall be detained for a [removal] proceeding." § 1225(b)(2)(A).

4

*Jennings* also abrogated the Third Circuit's holdings in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011) and *Chavez–Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015) to the extent those decisions rely on constitutional avoidance and read an implicit limitation of reasonableness into § 1226(c), which applies to aliens convicted of certain crimes. The constitutional reasoning of those decisions still provides persuasive guidance to how courts should address § 1226(c) claims asserting prolonged detention. *See Dryden*, 321 F. Supp.3d at 502. Although the Third Circuit has not yet provided explicit guidance to lower courts grappling with Post-*Jennings* challenges to prolonged detention, it recently stated in dicta that "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 278 (3d Cir. 2018).

In post-*Jennings* decisions thus far, courts in this District have found that detention for sixteen months or more supports an as-applied challenge under § 1225(b). *See Yacouba T. v. Ahrendt*, 2020 WL 1527919, at *3 (27 month detention under § 1225(b) unreasonable); *Adel G. v. Warden, Essex County Jail*, 2020 WL 1243993, at *2 (D.N.J. Mar. 13, 2020) (3-year detention under § 1225(b) unreasonable); *Franklin K. B. v. Warden, Hudson Cty. Corr. Facility*, No. 18-9933, 2019 WL 2385701, at *4 (D.N.J. June 3, 2019) (sixteen month detention under § 1225(b) unreasonable); *Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 443 (D.N.J. 2019) (nearly twenty-month detention under § 1225(b) unreasonable); *but see Otis V. v. Green*, 2018 WL 3302997, at *8 (D.N.J. Jul. 5, 2018) (concluding that Petitioner's detention under § 1225(b) for just over a year is not an unconstitutional application of the statute to Petitioner given the lesser protections afforded to arriving aliens).

Post-J*ennings*, district courts in the Southern District of New York have found shorter periods of detention unreasonable. *See, e.g.*, *Lett v. Decker*, 346 F.Supp.3d 379, 2018 WL 4931544 (S.D.N.Y. Oct. 10, 2018) (finding that arriving aliens have due process rights and that petitioner's nearly ten month detention pursuant to § 1225(b) was unreasonable, and ordering an individualized bond hearing); *Perez v. Decker*, 2018 WL 3991497 (S.D.NY. Aug. 20, 2018) (finding that arriving aliens have due process rights and that petitioner's nearly one year detention pursuant to § 1225(b) was unreasonable, and ordering an individualized bond hearing).

This Court considers these lower court decisions and the factors set forth by the Third Circuit in *Chavez Alvarez* in determining whether Petitioner's detention has become unreasonably prolonged.[3] Petitioner has been detained pursuant to § 1225(b) for over 11 months, since April 18, 2019, close to the one-year outer limit established in *Chavez Alvarez*.[4] Moreover, there are no allegations that Petitioner is opposing his removal in bad faith or is trying to game the system, which are factors that would counsel against affording a bond hearing.[5] The Court also notes that Petitioner has been detained for a total of twenty six months, as he was detained for nearly 15 months under § 1231. The Third Circuit has

---

[3] *Chavez Alvarez* addressed prolonged detention under § 1226)(c), but the Court sees no meaningful basis on which to distinguish the due process rights of detainees held under § 1226(c) from the due process rights of detainees held under § 1225(b). This is particularly true as to this Petitioner, who has established a life and has a family in the United States.

[4] In *Chavez Alvarez*, the Third Circuit held that absent bad faith on the part of Petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore v. Kim*, 538 U.S. 510, 532–33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

[5] On the issue of bad faith, the court acknowledged that "[a]n argument could be made that aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would not otherwise get under the statute." *Id.* at 476. Because the court concluded that *Chavez–Alvarez* did not act in bad faith in challenging his removal, it declined to decide whether an alien's delay tactics should preclude a bond hearing. *Id.* at 476.

instructed that where detention under "two statutes is governed by different standards", the court "must determine which statute has provided the authority for [the petitioner's] detention at a given time." *See Leslie*, 678 F.3d at 270. Petitioner's detention between January 23, 2018 and April 18, 2019, was governed by the post-removal provisions of section § 1231, and Petitioner was provided a bond hearing pursuant to *Guerrero-Sanchez* on November 15, 2018 and was denied bond.[6] Because the *Guerrero-Sanchez* hearing was afforded to Petitioner under a different statue and occurred sixteen months ago, it does not negate Petitioner's entitlement to a bond hearing under § 1225(b), to the extent his detention has become unreasonably prolonged.

Having considered the length of Petitioner's detention and, specifically, his most recent eleven-month detention under § 1225(b), as well as the bona fides of his challenge to his removal and the absence of any bad faith, the Court finds that Petitioner's detention has become unreasonably prolonged and he is entitled to an individualized bond hearing before an immigration judge within 7 days, pursuant to the standards set forth in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–35 (3d Cir. 2011).

## IV. CONCLUSION

For the reasons explained in this Opinion, this Court grants Petitioner's habeas petition and directs the government to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days. An appropriate Order follows.

---

[6] The Court has no occasion to review the bond decision by the IJ but notes that it was extremely perfunctory. It appears that Petitioner did not have notice of the hearing and was unable to present any evidence other than his own testimony. On appeal however, he failed to raise the issue of notice. *See* ECF No. 13, Exhibits A-C. In addition, the record includes an Order dated March 4, 2019, denying Petitioner's request for bond redetermination, but it is unclear from the record if Petitioner received a hearing in connection with this request. *See id.* at Exhibit D.

_____
THE HONORABLE MADELINE COX ARLEO
United States District Judge

DATED: April 6, 2020.